UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEROME THOMAS, II,                              No. C 05-1332 MHP (pr)

        Petitioner,                                **ORDER**

  v.

JILL BROWN, warden,

        Respondent.
                                           /

        In December 2006, this court granted the petition for writ of habeas corpus in this action and entered judgment. The court determined that petitioner's right to due process had been violated because there was not some evidence to support former Governor Davis' March 2003 decision finding him not suitable for parole. The court ordered that petitioner be released from custody but said nothing about the parole term following his release from custody. Petitioner was released from custody

        This case returns to the court's attention because, seven months after entry of judgment, petitioner filed a motion for an amended judgment. In his motion, he asks that his parole term be reduced for the time he spent in prison between the Governor's improper denial of parole in March 2003 and his actual release in December 2006 upon the granting of his petition for writ of habeas corpus. The request for an adjustment of the parole term was not included in the prayer for relief in the petition for writ of habeas corpus and was not discussed in the petition. The request also had not been made in the petition filed in the state's highest court. The legal basis for the parole term adjustment is unexplained, and the parties have never litigated how the parole term works under state law.

      Whether the parole term needs to be adjusted presents a difficult question that cannot be asserted as an afterthought in the litigation, as petitioner is attempting to do.  Petitioner's request has some common sense appeal as it seeks to give him credit for time he should have been on parole rather than in prison.  On the other hand, courts do not grant credit against future custody when they set aside convictions or when a person is found not guilty after being jailed pending trial.  For example, if someone spends three years in prison on an invalid conviction, he cannot apply those three years against a sentence he receives later in life for another crime he does commit.   Reducing the parole term seems analogous to granting credit against future custody when a conviction is set aside – and that doesn't happen.  Now that judgment has been entered in this action, it is too late to begin litigating the new and difficult issue of whether the parole term should be reduced.

      The motion to amend is untimely under Federal Rule of Civil Procedure 59(e).  Even if it is construed to be a motion for relief from the judgment under Rule 60(b), petitioner has not shown his legal entitlement to the relief requested.  Lastly, if the request for an adjustment of the parole period is considered a claim for relief for a constitutional violation, state court remedies were never exhausted and the petitioner cannot obtain relief on an unexhausted claim.  For the foregoing reasons, petitioner's motion for amended judgment is DENIED.  (Docket # 17.)

      IT IS SO ORDERED.

DATED:   October 30, 2007

Marilyn Hall Patel  
United States District Judge